## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

JONATHAN FULCHER                                         PETITIONER

VS.                             CIVIL ACTION NO.: 4:03cv211—WHB—JCS

LAWRENCE GREER                                          RESPONDENTS

_____

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

### I.  Procedural History

Jonathan Fulcher was convicted of attempted robbery as a habitual offender in the Circuit Court of Lauderdale County, Mississippi, on December 21, 1998.  He was subsequently sentenced as a habitual offender to serve life imprisonment without parole or probation in the custody of the Mississippi Department of Corrections.

Fulcher perfected an appeal to the Mississippi Supreme Court, raising the following errors:

1.    The indictment did not adequately charge attempted simple robbery because it did not allege an overt act of felonious intent.

2.    The issue of attempted simple robbery should not have gone to the jury.

3.    The jury instructions were erroneous in failing to instruct the jury as to every material element of the offense of attempted simple robbery.

4.    The trial judge erred in permitting evidence of uncharged bad acts and he also erred in failing to give limiting instructions sua sponte.

5.   The defendant was prejudiced by the prosecutor's professional and personal attack on defense counsel and by his vilification of defendant and by his reference to inadmissible evidence.

6.   The trial judge erred in excluding evidence that the victim worked at a gay bar.

7.   The evidence did not support the allegation of ownership in the indictment, and the State did not prove ownership of the property alleged to have been the subject of an attempted robbery beyond a reasonable doubt.

8.   Is the State barred from re-prosecution of the charge of attempted simple robbery where that charge was not sufficiently pled in the indictment and the defendant was effectively acquitted of the two greater charges of armed robbery and simple robbery.

On June 26, 2001, the Mississippi Court of Appeals affirmed Fulcher's judgment of conviction and sentence in a written opinion. **Fulcher v. State**, 805 So.2d 556 (Miss. App. 2001), *rehearing denied,* June 26, 2001, *cert. denied,* January 24, 2002.

On June 10, 2003, Fulcher filed his Petition for Writ of Habeas Corpus in the instant cause challenging his conviction and sentence on the following grounds:

1.   Conviction unconstitutional where indictment failed to pled all essential elements of attempted simple robbery charge.

2.   Conviction unconstitutional where the indictment was constructively amended by the trial court's jury instruction(s).

3.   Conviction unconstitutional where the jury was not instructed on every essential element of the charge.

2

4.   Conviction unconstitutional where statute under which petitioner was convicted is unconstitutional as applied to petitioner.

On February 26, 2004, the Petitioner filed a motion for post conviction relief asserting Ground Four, that the statute he was convicted under was unconstitutional as applied to him.   The Mississippi Supreme Court denied relief on July 19, 2004, stating that the "application fails to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. Section 99-39-27(5)." **Exhibit D to Respondents' Answer.**

The Respondents initially responded to the petition on August 21, 2003, by filing a Motion to Dismiss for Failure to Exhaust [#6].   The undersigned recommended that the motion be granted, and that opinion was adopted by Judge Barbour as to the issue of exhaustion.   However, Judge Barbour denied the Respondents' motion to dismiss on those grounds and granted the Petitioner's motion to stay the proceedings pending his return to the state courts.   The Respondents appealed this decision to the Court of Appeals for the Fifth Circuit.   In the interim, by Order dated July 19, 2004, the Mississippi Supreme Court denied Fulcher's request for post-conviction relief.   The Fifth Circuit then dismissed his appeal as moot on January 25, 2005, in light of the Mississippi Supreme Court's ruling on Fulcher's post conviction motion.   **Exhibit E to Respondents' Answer.**

## II.  Standard of Review

The instant case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as his habeas petition was filed after the effective date of the Act.  28 U.S.C. 2254(d) (2002).  The applicable provision provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or *involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

A summary of the AEDPA law is that ultimately, "[t]o prevail on a petition for writ of habeas corpus, a petitioner must demonstrate that the state court proceeding 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" **Robertson v. Cockrell**, 325 F.3d 243, 247–48 (5th Cir. 2003) (en banc) (quoting 28 U.S.C. § 2254(d)(1) (2000)).  The courts have no authority to grant habeas corpus relief simply because "we conclude, in our

4

independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." **Catalan v. Cockrell**, 315 F.3d 491, 493 (5th Cir. 2002) (citation and quotation omitted). This Court is bound by the Act and this Circuit's interpretation of its provisions.

### III.  Facts of the Case

The record reveals the rather unusual facts in this case. On January 18, 1998, the Petitioner Fulcher was riding on his motorcycle and stopped at a rest stop in Sandersville, Mississippi. He observed William Greg Cooley urinating in the open, and asked him for a flashlight. Cooley told him he did not have one. The Petitioner then told Cooley he was a police officer [he was not] and that he would have to arrest him for urinating in public. The Petitioner frisked Cooley and told him they would have to wait at the rest stop until a police car arrived.

As they waited, Fulcher asked Cooley if he worked at the Sunglass Hut at the Bonita Lakes Mall, and Cooley answered that he did. Fulcher accused Cooley of having refused to assist him on an occasion when he was a customer. Within ten or fifteen minutes, Fulcher struck and kicked Cooley and eventually knocked him unconscious. Since Cooley thought he was a police officer, he did not resist.

Eventually Cooley awakened and found Fulcher holding his wallet and keys.  Fulcher asked him how much money he had and whose name his car was titled in.  Fulcher took Cooley's money ($27) and Cooley tried to get away.  He was caught by Fulcher and warned "[i]f I ever see you again, you're going to give me anything I want."  Fulcher finally let Cooley go, telling him he would see him the next day.

Cooley left in his vehicle and drove himself to the Rush Hospital in Meridian.  He was treated for black eyes, bleeding shins, bruises, and abrasions.  The police were called.  The next day, January 19th, Cooley went to work.  Fulcher walked up to him and asked if he remembered him and asked to be shown the most expensive sunglasses.  Cooley asked him not to "do this" and told him he would go to jail.  Fulcher replied that he'd "put holes" in him if Cooley did not do as he was told.  Fulcher opened his jacket and showed Cooley a gun in his pants.  Cooley started to hyperventilate and went to his knees gasping.  Other mall customers came to his aid and Fulcher walked away.  Cooley reported the events, and Fulcher was arrested.

Fulcher was indicted for the events which occurred at the mall for armed robbery under Miss. Code Ann. § 97-3-79 (1972), for simple robbery under Miss. Code Ann. § 97-3-73 (1972), and as a habitual offender under Miss. Code Ann. § 99-19-83 (1972). At trial, the jury was instructed on both armed robbery and

**attempted** simple robbery, but the court refused to allow an instruction on the charge of **simple robbery**. After the jury convicted Fulcher of attempted simple robbery, the trial court sentenced him as a habitual offender to life imprisonment without the possibility of parole.

### IV. Was Fulcher's conviction unconstitutional due to a faulty indictment? [Grounds 1& 2]

The gist of these claims is that the indictment charged the Petitioner with **armed robbery** and **simple robbery**, whereas the trial court instructed the jury only on **armed robbery** and **attempted simple robbery**. The jury found him guilty of only **attempted simple robbery**. The Petitioner contends that this renders his conviction unconstitutional; he submits that the court allowed the State to change the theory of its case against him to convict him of a crime for which he was not indicted.

The Mississippi Court of Appeals considered this argument on its merits and rejected it. Because the indictment sufficiently charged Fulcher with armed robbery, the crime of attempted simple robbery was sufficiently charged as a lesser-included offense. **Fulcher**, 805 So.2d at 560. The court pointed out that under Mississippi law there is no requirement that the elements of a lesser-included offense be specifically set out in an indictment. Miss. Code Ann. § 99-19-5 (1972); **Young v. State**, 797 So.2d 239,

7

242 (Miss. App. 2001) (finding that although attempted robbery is a "separate and distinct crime from armed robbery" attempted simple robbery is "derived out of a common nucleus of operative facts.")  Further, attempted simple robbery is a lesser-included offense of armed robbery.  805 So.2d at 560 [citations omitted].  Quoting **Richardson v. State**, 769 So.2d 230, 233 (Miss.Ct.App. 2000), the court noted that the indictment's purpose is to put the defendant on notice of the nature and cause of the charges against him.  It concluded that the armed robbery indictment fulfilled that purpose, as the attempted simple robbery charge did not add any additional elements to the State's burden.  Id.

We have considered the Petitioner's allegations regarding the indictment and find that no constitutional violation can be established.  Whether or not Fulcher's indictment was valid is primarily a question of law; hence, the first clause of 28 U.S.C. § 2254(d)(1) is the proper standard of review for this Court to utilize.  We could only grant habeas relief if the state court's decision regarding this question of law was *contrary to clearly established federal law*, as determined by the United States Supreme Court.  We find no Supreme Court law which prohibits a person from being convicted of attempted simple robbery when he was indicted for armed robbery and simple robbery.

8

The Petitioner also contends that the trial judge erred in changing through his instructions the crime alleged in the indictment from armed robbery to attempted simple robbery. This issue is the same: whether the attempted simple robbery conviction is proper under the armed robbery and simple robbery indictment. The Mississippi court held that the crime of attempted simple robbery was sufficiently charged as an inferior offense; this conclusion does not violate clearly established federal law.

The decision regarding whether to grant an instruction on a lesser included offense in a non-capital case does **not** raise a constitutional issue. **Creel v. Johnson**, 162 F.3d 385, 390 (5th Cir. 1998), citing **Valles v. Lynaugh**, 835 F.2d 126, 127 (5th Cir. 1988); **Alexander v. McCotter**, 775 F.2d 595, 601 (5th Cir. 1985) (lesser included offense instruction is not a federal constitutional matter in non-capital cases).

Furthermore, the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction. **Alexander v. McCotter**, 775 F.2d 595, 598 (5th Cir. 1985) (*citing* **Liner v. Phelps**, 731 F.2d 1201, 1202 (5th Cir. 1984); **Riley v. Cockrell**, 339 F.3d 308, 313–14 (5th Cir. 2003); **McKay v. Collins**, 12 F.3d 66, 68 (5th Cir. 1994), citing **Branch**

9

**v. Estelle**, 631 F.2d 1229 (5th Cir. 1980).  For an indictment to be "fatally defective," no circumstances can exist under which a valid conviction could result from the facts provable under the indictment with state law.  However, if the question of the sufficiency of the indictment is presented to the highest state court of appeals, then consideration of the question is foreclosed in federal habeas corpus proceedings.  **Liner**, 731 F.2d at 1203.  *See also*, **McKay**, 12 F.3d at 68 (if a state court has held that an indictment is sufficient under state law, "a federal court need not address that issue"); **Morlett v. Lynaugh**, 851 F.2d 1521, 1523 (5th Cir. 1988), *cert. denied*, 489 U.S. 1086 (1989) (if question of sufficiency of indictment is presented to highest state court, then the question is foreclosed from federal habeas review).  Fulcher presented all of these claims regarding his indictment to the Mississippi Court of Appeals, and the Mississippi Supreme Court denied certiorari.  The issue of a faulty indictment was found to be without merit by the state's highest court.  As such, this Court is precluded from re-reviewing this claim in accordance with **Liner v. Phelps**.

### V.  Was Fulcher's conviction unconstitutional due to faulty jury instructions? (Ground 3)

The Petitioner contends that the jury instructions did not set forth every essential element of the charge of attempted

simple   robbery   and   that   this   renders   his   conviction
unconstitutional.   The instruction reads in part as follows:

> Should you find from the evidence in this
> case, beyond a reasonable doubt:
>
> 1.  On or about the 19th day of January, 1998, in
> Lauderdale County, Mississippi;
>
> 2.   The Defendant, Jonathan Fulcher, did
> intend to wilfully and unlawfully attempt to
> take the personal property of the Sunglasses
> Hut, from the person or presence of William
> Craig Cooley, an employee, from his person or
> presence and against his will, by *putting him
> in fear of bodily injury*;
>
> 3.  And, he made some direct but ineffective
> step toward the commission of this crime;
>
> 4.  And, he failed to complete the crime, not
> because he simply decided to give up on the
> crime but, due to some other reason outside
> his control;
>
> then   it   is   your   sworn   duty   to   find   the
> Defendant guilty of Attempted Robbery.
>
> Should the State fail to prove any one or
> more of these essential elements beyond a
> reasonable doubt, then you shall find the
> Defendant not guilty of Attempted Robbery.

R. Vol. 1, p. 56.

The Petitioner contends that an essential element of the
charge of attempted simple robbery is placing the victim in fear
of "immediate" injury to his person.   According to the
Petitioner, to convict him of attempted robbery, the court should
have instructed the jury that they must find beyond a reasonable

11

doubt that he put the victim in "immediate" fear of injury to his person. **Petition,** p. 5-5A.

The Mississippi Supreme Court considered and rejected this argument on the merits.  The court rejected Fulcher's contentions that the  instruction was fatal because it did not contain the word "immediate" in regard to the victim's fear of "immediate bodily injury."  The court found that no Mississippi law required that  the word "immediate" be in the jury instruction; it concluded that the instruction given "sufficiently addressed the element of a definitive overt act."  Id. at 562.

Fulcher also contended that the instruction did not sufficiently address the necessary elements of felonious intent. The court rejected this argument, finding that the phrase "wilfully and unlawfully" was an adequate substitute for the word "feloniously."  Id. at 561-62.

These alleged errors are matters of state law.  Generally, jury instructions rarely form the basis of a constitutional violation.  **Gilmore v. Taylor**, 508 U.S. 333, 344-45 (1993); **Estelle v. McGuire**, 502 U.S. 62, 71-72 (1991).  Only when the faulty instruction "by itself so infected the entire trial that the resulting conviction violates due process..." would habeas relief be appropriate.  **Hughes v. Johnson**, 191 F.3d 607, 627-28

12

(5th Cir. 1999) citing **Weeks v. Scott**, 55 F.3d 1059, 1065 (5th Cir. 1995) (quoting **Estelle v. McGuire**, 502 U.S. at 72).

We have reviewed the instruction and the Mississippi Supreme Court's opinion regarding Fulcher's claims.  We find no contrary Supreme Court decision or other federal law which would render the state court's rulings to be erroneous or incorrect.  The instructions given by a trial court involve issues of state law, and none of the instructions are so egregious so as to infect the trial with unfairness in violation of the United States Constitution.  Hence, no habeas relief may be granted.

### VI.  Is the statute under which Fulcher was convicted unconstitutional as applied to Fulcher? (Ground 4)

Ground Four in the Petition, and the supporting facts, are quoted from the Petition as follows:

> Conviction unconstitutional where statute under which petitioner was convicted is unconstitutional as applied to petitioner. The state court allowed petitioner to be convicted under Miss. Code § 99-19-5.  Miss. Code Ann. § 99-19-5 does not contain any elements of the charge for which petitioner was convicted.  Petitioner's indictment does not include all of the necessary elements of the charge for which he was convicted.

Petition, p. 5.

Miss. Code Ann. § 99-19-5, the statute to which the Petitioner refers, provides as follows:

13

### § 99-19-5.   Findings of jury.

> On an indictment for any offense the jury may find
> the defendant guilty of the offense as charged, or
> of any attempt to commit the same offense, or may
> find him guilty of an inferior offense, or other
> offense, the commission of which is necessarily
> included in the offense with which he is charged
> in the indictment, whether the same be a felony
> or misdemeanor, without any additional count in
> the indictment for that purpose.

According to Fulcher, throughout his appeal he has contended that his conviction under this statute violated the Sixth Amendment of the United States Constitution because it failed to provide notice to the defendant of all the elements of the crime. Response, pp. 2-4.  He presented the operative facts of this claim to the Mississippi Supreme Court, and that court ruled against him on the merits of this claim.

Again, the issue herein is whether Fulcher can be convicted of a lesser included or inferior offense when he was indicted for the "higher" offenses of armed robbery and simple robbery.  He again contends that he was not provided with notice of the elements of the crime for which he was convicted and that Section 99-19-5 was unconstitutional as applied to him.  We reject this contention.  Such a lesser included offenses statute does not offend the United States Constitution.

The elements of armed robbery include the (1) the felonious taking of the personal property of another; (2) in his presence

or from his person and against his will; (3) by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon.  Miss. Code Ann. § 97-3-79.[1]  Robbery is a lesser included offense, with the only difference being that no deadly weapon was exhibited.  Miss. Code Ann. § 97-3-77.[2]  **Attempted robbery**[3] includes the same elements of robbery, but the State need not prove that the person succeeded in committing the crime.

The question is not whether the elements of the crimes are *different*; instead, the question is whether the elements of the lesser offense are included in the greater.  We find that each and every element of an attempted robbery is necessarily included in the attempt form of armed robbery.  That armed robbery includes an additional element of exhibiting a deadly weapon does not affect the analysis.

---

[1]The proof of the crime of armed robbery must necessarily include that the exhibition of the deadly weapon, causing violence or fear of immediate injury, was the means by which the personal property of another was taken.  **Clark v. State**, 756 So. 2d 730 (Miss. 1999).  As stated, Fulcher was found not guilty of this crime.

[2]As earlier stated, the trial court did not grant an instruction allowing the jury to convict Fulcher of simple robbery.  Only armed robbery and attempted simple robbery instructions were given to the jury.

[3]An attempt to commit a crime consists of three elements: (1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission, and (3) the failure to consummate its commission.  **Burney v. State**, 515 So.2d 1154, 1156 (Miss. 1987).

Accordingly, there are no additional elements of **attempted robbery** of which Fulcher was not provided notice.  The jury found that the State only proved the elements of the lesser crime, but Fulcher had notice of all of the elements required.  No constitutional violation occurred by Fulcher's conviction under § 99-19-5.  The State's lesser included offense statute has not been found to be unconstitutional and was fairly applied to the Petitioner.

## VII. Conclusion

It is the recommendation of the undersigned United States Magistrate Judge that the Petition for Writ of Habeas Corpus filed by Jonathan Fulcher be **denied**;  that a Final Judgment in favor of the Respondents be entered; and, that this case be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, **Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

16

THIS the 5th day of April, 2006.


                              S/ James C. Sumner
                    UNITED STATES MAGISTRATE JUDGE